# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| BANNER LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) Case No. |
| v. | ) ) ) |
| GINA M. TOM, GARY LONNIE MASIONGALE, SUNSHINE WEHNER, AMANDA N. SHERMAN, JERRY L. MASIONGALE, GARY L. MASIONGALE, NELDA MASGIONGALE GARRETT, and THE ESTATE OF DEBRA A. WEHNER, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR INTERPLEADER

Plaintiff Banner Life Insurance Company ("Banner"), by its attorney, Jason T. Gerken of Porter Wright Morris & Arthur LLP, states as follows for its Complaint for Interpleader:

## PARTIES

1. Banner is an insurance company duly organized and existing under the laws of Maryland, with its principal place of business located in Maryland, and is a citizen of the State of Maryland.

2. Gina M. Tom ("Gina") is an individual and a resident and citizen of New Carlisle, Ohio.

3. Gary Lonnie Masiongale ("Gary Lonnie") is an individual and a resident and citizen of Dayton, Ohio.

4. Sunshine Wehner ("Sunshine") is an individual and a resident and citizen of Miamisburg, Ohio.

5. Amanda N. Sherman ("Amanda") is an individual and a resident and citizen of Cookeville, Tennessee.

6. Jerry L. Masiongale ("Jerry") is an individual and a resident and citizen of New Carlisle, Ohio.

7. Gary L. Masiongale ("Gary") is an individual and a resident and citizen of Dayton, Ohio.

8. Nelda Masiongale Garrett ("Nelda") is an individual and a resident and citizen of Monroe, Tennessee.

9. Debra A. Wehner ("Debra"), deceased, was an individual residing in New Carlisle, Ohio at the time of her death. On information and belief, an Estate will be opened for Debra by her relatives and a Personal Representative will be appointed.

## JURISDICTION AND VENUE

10. This is an action in interpleader brought pursuant to 28 U.S.C. § 1335 concerning the rights and obligations of the parties in connection with a policy of life insurance and the proceeds of that policy.

11. Jurisdiction exists under 28 U.S.C. § 1335 because the amount in controversy exceeds $500 and one or more Defendants is diverse from the other Defendants.

12. Venue is proper in this Court where the Insured resided in Dayton, Ohio, at the time of his death, and where six Defendants reside within the Southern District of Ohio, and a substantial part of the events giving rise to this interpleader occurred in the Southern District of Ohio.

## **CLAIM FOR RELIEF IN INTERPLEADER**

13. Banner issued Policy No. 010588984 (the "Policy") on September 4, 1991, to Jessie T. Masiongale ("Jessie" or the "Insured") as owner and insured with an Initial Specified Amount of $35,000.

14. The Policy, a true and correct copy of which is attached as **Exhibit A** (with personal identifiers and protected health information redacted), states in pertinent part as follows:

> If we receive due proof that you died while this policy was in force and before the maturity date, we will pay to the beneficiary the proceeds of this policy. […] Payment of these benefits and continuation of coverage prior to the maturity date are subject to the provisions on the following pages[.] […] A copy of the application is attached and is made a part of the policy.
>
> * * *
>
> Beneficiary
> Unless otherwise provided by notice to us, the beneficiaries are named in the application.
>
> Change of Beneficiary
> During your lifetime, the owner may change the beneficiary designation unless he or she has waived the right to do so. No beneficiary change will take effect until a written notice is received at our administrative office. Such changes will become effective on the date notice is received by us. All changes will be subject to any payment made by us before notice was received.

(Ex. A).

15. The Policy defines "Written Notice/Recording Thereof" as follows:

> Written notice means a notification or request received from the owner in a form satisfactory to us. Written notices are recorded at our administrative office. We will not be responsible for the validity of any written notice.

(*Id.*)

16. The Policy also included a Cost of Living Rider. Pursuant to the terms and conditions of the Rider, for the first five (5) policy years, the Specified Amount of the Policy was

3

subject to certain automatic increases every two years. (*Id.*) As of the date of the Insured's death, the Specified Amount of the Policy was $39,259.

17. At the time of issue, the designated primary beneficiary listed in the application was Nancy T. Masiongale ("Nancy"), wife of the Insured. (*Id.*) The application also listed "4 children" as the Contingent Beneficiaries. (*Id.*)

18. On information and belief, Defendants Jerry, Gary, Nelda, and Debra (deceased) are the "4 children" of Jessie and Nancy referenced in the application to the Policy.

19. On information and belief, Nancy died on October 13, 2018.

20. On or about November 1, 2018, Banner received a Beneficiary Change Form for the Policy listing the following Primary Beneficiaries: Gina Tom (granddaughter); Gary Masiongale (grandson); Sunshine Wehner (granddaughter); and Amanda Sherman (granddaughter). No date was legible on the line for the signature of the Policy Owner.

21. Banner responded by written letter to Jessie, dated November 1, 2018, stating that a policy owner signature and/or date was required to process the requested change.

22. On or about November 16, 2018, Banner received a copy of the previously submitted Beneficiary Change Form on which the owner signature now included a date of November 12, 2018 and a notation stating "That is Jessie's signature he has a hard time writing." The notation was signed "Gina Tom POA."

23. Banner responded by written letter to Jessie, dated November 20, 2018, requesting a copy of Gina's Power of Attorney for the Policy Owner or a notarized signature.

24. Banner subsequently received a copy of the previously submitted Beneficiary Change Form dated November 12, 2018, including the notation stating "That is Jessie's signature he has a hard time writing" signed "Gina Tom POA." This latest copy included a second notarized

4

signature by Gina Tom next to her previous signature. An additional note on a separate page stated: "Please find included the POA for Jessie Masgiongale. I also had my signature notarized." The note was signed "Gina Tom." A true and correct copy of this latest Beneficiary Change Form as it was received by Banner, with personal identifiers redacted, is attached as **Exhibit B**.

25. Included with this latest Change of Beneficiary Form was a copy of a Durable General Power of Attorney ("POA") for Jessie Masiongale appointing Nancy L. Masiongale as Attorney-in-Fact and Gina Tom as Successor Agent. A true and correct copy of the POA as it was received by Banner is included in Exhibit B.

26. The POA listed specific powers given to the Agent, including the power to act with respect to insurance and annuity transactions and to "Designate or change the designation of a beneficiary to receive any property, benefit, or contractual right on my death, such as insurance benefits and retirement benefits." (Ex. B). The POA further provides that:

> Any person can rely on a statement by a successor Agent that he or she is properly acting under this document and may rely conclusively on any action or decision made by that successor Agent. That person does not have to make any further investigation or inquiry.
> 
> * * *
> 
> This power of attorney is effective immediately.
> 
> * * *
> 
> PURSUANT TO THE PROVISIONS OF SECTION 1337.09 OF THE OHIO REVISED CODE, THIS POWER OF ATTORNEY SHALL NOT BE AFFECTED BY MY DISABILITY, INCAPACITY, OR ADJUDGED INCOMPETENCY OF LAPSE OF TIME.
> 
> * * *
> 
> I agree that any third party who receives a copy of this document may act under it. Revocation of the power of attorney is not effective as to a third party until the third party learns of the revocation. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney.

(*Id.*)

27. The POA bears the signature of Jessie Masiongale dated August 3, 2012. The POA is stamped as having been "Filed for Record in Clark County, OH" on June 15, 2017. (*Id.*)

28. Banner responded by written letter to Jessie, dated December 12, 2018, confirming the requested change, and that the Primary Beneficiaries of the Policy had been designated as Gina Tom, Gary Masiongale, Sunshine Wehner, and Amanda Sherman, with no Contingent Beneficiaries.

29. Jessie died on February 23, 2020.

30. On or about February 28, 2020, Debra contacted Banner by telephone, notified Banner that Jessie had died, and inquired about making a claim on the Policy.

31. On March 9, 2020, Banner provided claim forms to each of the beneficiaries of record as of the date of Jessie's death: Gina, Gary Lonnie, Sunshine, and Amanda.

32. Also on March 9, 2020, Banner sent a letter to Debra informing her that she was not named as a beneficiary on the Policy.

33. On or about March 13, 2020, Banner received Proof of Loss Claimant's Statements from Gina and Sunshine each seeking payment of one-fourth of the death benefit under the Policy.

34. Also on or about March 13, 2020, Banner received three letters from Debra, Jerry, and Gary, respectively. True and correct copies of the letters as they were received by Banner are attached as **Exhibit C**. Debra asserted in her letter that the beneficiary change on the Policy was made while Jessie had dementia and that Jerry, Gary, Nelda, and Debra were the rightful beneficiaries. (Ex. C). Jerry and Gary each made similar assertions in their letters. (*Id.*)

35. On or about March 15, 2020, Banner received Proof of Loss Claimant's Statements from Gary Lonnie and Amanda each seeking payment of one-fourth of the death benefit under the Policy.

36. On March 30, 2020, Banner sent letters to Jerry, Gary, and Debra acknowledging receipt of their March 13 letters, informing them that there were competing claims to the death benefit, and providing each of them with forms to complete per their stated intention to assert their own claims under the Policy.

37. Also on March 30, 2020, Banner sent letters to Gina, Gary Lonnie, Sunshine, and Amanda informing them of possible competing claims on the Policy and that Banner would not be able to make payment on their claims until the dispute was resolved.

38. On or about April 3, 2020, Banner received Proof of Loss Claimant's Statements from Jerry and Debra, each seeking payment of one-fourth of the death benefit under the Policy.

39. On or about April 6, 2020, Banner received a Proof of Loss Claimant's Statement from Gary seeking payment of one-fourth of the death benefit under the Policy.

40. Also on or about April 6, 2020, Banner received a letter from Debra stating as follows:

> Jessie Masiongale's Granddaughter changed the beneficiaries on his policy while he had dementia. He was found to not be competent to make decisions of this nature. He suffered from dementia for at least 5 years. I am enclosing documentation from his former family physician stating this fact. The original policy has that his 4 children were to be the beneficiaries if his wife was already deceased.

A true and correct copy of the letter, as it was received by Banner, is attached as **Exhibit D**. Banner has no record of receiving any enclosed documentation as stated in the letter.

7

41. From April 2020 through July 2020 Banner communicated with the parties about their competing claims and whether they could potentially agree upon how the proceeds of the Policy should be paid. However, the parties were unable to reach a compromise agreement.

42. Banner was notified in early July 2020 of Debra's recent death. Consequently, no agreement is possible unless and until a representative is appointed for Debra's Estate.

43. The claims of Gina, Gary Lonnie, Sunshine, and Amanda are adverse to the claims of Jerry, Gary, and Debra (whose claim now belongs to her Estate).

44. Nelda also has a potential claim to the same extent that Jerry, Gary, and Debra's Estate have any claim.

45. Banner admits its contractual liability under the Policy in the amount of $39,259 plus applicable interest, if any (the "Proceeds").

46. By reason of these adverse and conflicting claims, Banner is unable to discharge its admitted liability without exposing itself to multiple litigation, multiple liability, or both.

47. Banner is indifferent as to which of the claimants is entitled to the Proceeds, and is only interested in paying and discharging its admitted liability once; however, it has been unable to do so by reason of the adverse and conflicting claims of the Defendants, and thus files this Complaint for Interpleader.

48. Contemporaneously with the filing of its Complaint, Banner seeks to deposit its admitted liability with the Clerk of the Court to be placed into the Registry of the Court pursuant to 28 U.S.C. § 2041, Fed. R. Civ. P. 67 and Local Rule 77.2, so that the Court may determine whom among the Defendants is entitled to the Proceeds and in what amount(s).

**WHEREFORE**, Banner Life Insurance Company prays this Honorable Court enter an order granting it the following relief:

A. Granting Banner leave to deposit its admitted liability, representing the proceeds under Policy No. 010588984 insuring the life of Jessie T. Masiongale, plus applicable interest, if any, into the Registry of the Court, pending further order of this Court;

B. Enjoining Defendants, GINA M. TOM, GARY LONNIE MASIONGALE, SUNSHINE WEHNER, AMANDA N. SHERMAN, JERRY L. MASIONGALE, GARY L. MASIONGALE, NELDA MASGIONGALE GARRETT, and THE ESTATE OF DEBRA A. WEHNER, and each of them, during the pendency of this case, from commencing or prosecuting any proceeding or claim against Banner or its parents, subsidiaries, and affiliated companies, and any of their respective officers, directors, employees, agents, attorneys, representatives, shareholders, insurers, predecessors, successors, or assigns, in any state or federal court arising out of or related to the Policy, and that said injunction issue without bond or surety;

C. Granting judgment to Banner and declaring that Banner and its parents, subsidiaries, and affiliated companies, and their respective officers, directors, employees, agents, attorneys, representatives, shareholders, insurers, predecessors, successors, or assigns, have no further liability to Defendants, GINA M. TOM, GARY LONNIE MASIONGALE, SUNSHINE WEHNER, AMANDA N. SHERMAN, JERRY L. MASIONGALE, GARY L. MASIONGALE, NELDA MASGIONGALE GARRETT, and THE ESTATE OF DEBRA A. WEHNER, or to any of them, or to any person or entity claiming through them, for the proceeds of Policy No. 010588984 insuring the life of Jessie T. Masiongale or arising out of the death of the Insured;

D. Finding that Banner has acted in good faith by interpleading its admitted liability under the Policy into the Registry of the Court;

E. Finding that Defendants, GINA M. TOM, GARY LONNIE MASIONGALE, SUNSHINE WEHNER, AMANDA N. SHERMAN, JERRY L. MASIONGALE, GARY L. MASIONGALE, NELDA MASGIONGALE GARRETT, and THE ESTATE OF DEBRA A. WEHNER, and each of them, upon entry of final order or judgment in this case, are collaterally estopped from commencing or prosecuting any proceeding or claim against Banner or its parents, subsidiaries, and affiliated companies, and any of their respective officers, directors, employees, agents, attorneys, representatives, shareholders, insurers, predecessors, successors, or assigns, in any state or federal court or other forum arising out of or related to the Policy or the death of the Insured;

F. Excusing Banner from further attendance in this cause, ordering the Defendants to litigate their claims and contentions concerning the Policy without further involving Banner, and dismissing Banner from this cause with an express finding under Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delaying either enforcement or appeal of the interpleader judgment;

G. Awarding Banner its attorney fees and court costs incurred in connection with prosecuting this Complaint for Interpleader, with such fees and costs to be deducted from the amount deposited into the Registry of the Court; and

H. Granting Banner such further and other relief as this Court deems just and appropriate.

Dated: **August 5, 2020**

Respectfully submitted,

/s/ Jason T. Gerken
Jason T. Gerken (0090562)
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street, Suites 2800 – 3200
Columbus, OH 43215
Direct: (614) 227-2058
Fax: (614) 227-2100
Email: jgerken@porterwright.com

*Attorney for Plaintiff Banner Life Insurance Company*